IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,  )
                            )  2:11-cr-00461-GEB
           Appellee,        )
                            )
      v.                    )  ORDER
                            )
JEFFREY E. ESCHRICH,        )
                            )
           Appellant.       )
_____)

On February 1, 2012, Appellee filed a motion to dismiss Appellant's appeal for failure to prosecute, arguing "[t]o date, [Appellant] has failed to order a transcript or file his opening brief, which was due November 23, 2011, under Local Rule 422(e)." (Appellee's Mot. 1:26-28.) On February 6, 2012, this Court issued an order warning Appellant "that his appeal will be dismissed for failure to prosecute if Appellant fails to order the appropriate transcripts on or before February 16, 2012." (Order 1:23-25; ECF No. 5.) Therefore, since Appellant failed to respond to the February 6, 2012 order, the issue is whether Appellant's appeal should be dismissed for failure to prosecute.

When considering whether to dismiss a case for failure to prosecute, a court must consider:

> (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of

1

less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal in this case since Appellant's failure to prosecute has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal."); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third factor concerning the risk of prejudice to Appellee considers the strength of a party's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 ("[T]he risk of prejudice [is related] to the plaintiff's reason for defaulting."). Since Appellant has provided no reason for its non-compliance, the third factor also favors dismissal.

The fourth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Appellant failed to order transcripts within the prescribed time period despite the warning that the action could be dismissed with prejudice as a result. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.").

The fifth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal.

Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

Since the balance of the factors strongly favors dismissal of Appellant's appeal with prejudice, Appellee's motion to dismiss is GRANTED.

Dated: February 21, 2012

GARLAND E. BURRELL, JR.
United States District Judge